Green, J.
delivered the opinion of the court.
This is an action of ejectment. On the trial, the court, among other things, charged the jury, “that if the proof satisfied them, that Powell was in as the tenant of Copps, and Bullard came in by collusion with Powell >or under him, that Bullard would in law be considered as the tenant of Copps, and that Copps would not be bound, nor would the act against champerty be operative to show any title against him, until he (Bullard) had held adversely to Copps for seven years, after his disclaimer known to Copps.”
In this part of the charge, the court erred. Although it is true, that a tenant cannot resist his landlord, by virtue of the statute of limitations, until after the expiration of seven years from the date of his disclaimer and adverse holding, yet it does not follow, as the court seemed to suppose, that the statute against champerty will not apply until after the expiration of seven years. The moment the disclaimer of the tenant is known to the landlord, his possession becomes adverse, and this adverse possession continuing seven years, the statute of limitations forms a bar to the landlord’s recovery. But it does not require any length of adverse possession, to make asale and conveyance oftheland sopossessedby another cham-pertous. The fact, that it is adversely held, is enough. And that fact occurs in the case of a tenant, so soon as his disclaimer is known to the landlord. '
2. The deed from Bullard to Copps, calling to begin “at the ford of Clinch river, known by the name of Copps’ ford, on the north side of said river, running up the different m’eanderings of said river to the first gut below where William Hunter now lives, for compliment,” “containing one hundred acres, more or less,” includes all the land Bullard owned above the said ford, to the gut aforesaid. And, therefore, the land in dispute is included in the deed from Bullard to Jacob Copps, and in the one from Jacob Copps to lessor of plaintiff.
Let the judgment be reversed, and the cause be remanded for another trial.